UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------
UNITED STATES OF AMERICA, *ex rel.*
ILYA ERIC KOLCHINSKY,

                          Plaintiff,

                    -against-

MOODY'S CORPORATION, *et al.*,

                         Defendants.
------------------------------------------

12cv1399

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

       Relator Ilya Kolchinsky moves pursuant to Federal Rules of Civil Procedure Rule 59(e) and Local Rule 6.3 for reconsideration of this Court's Opinion and Order, dated March 2, 2017, granting Moody's motion to dismiss this whistleblower action. Kolchinsky's motion is granted in part and denied in part.

## BACKGROUND

       The factual background of this case is set forth in this Court's prior Opinion and Order. United States *ex rel.* Kolchinsky v. Moody's Corp., No. 12 CV 1399, 2017 WL 825478 (S.D.N.Y. March 2, 2017) ("Moody's I"). In short, Kolchinsky brought this action on behalf of the United States of America against Moody's Corporation and Moody's Investors Service, Inc. under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq, alleging that he was constructively discharged after protesting Moody's practice of issuing false credit ratings. This Court granted the Defendant's motion to dismiss because the Second Amended Complaint failed to state a valid FCA claim.

1

DISCUSSION

A motion to alter or amend a judgment pursuant to Rule 59(e) is evaluated under the same standard as a motion for reconsideration under Local Rule 6.3. Williams v. N.Y. Dep't. of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only "if the moving party establishes: (1) a change in the controlling law; (2) new evidence has become available; or (3) reconsideration is necessary to correct a clear error or prevent manifest injustice." Analytical Surveys, Inc. v. Tonga Partners, L.P., No. 06-CV-2692, 2009 WL 1514310, at *1–2 (S.D.N.Y. May 29, 2009), aff'd, 684 F.3d 36 (2d Cir. 2012). The motion "cannot assert new arguments or claims which were not before this court on the original motion." Koehler v. Bank of Berm., Ltd., No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May, 10, 2005). The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983).

I. Motion to Dismiss

Kolchinsky seeks reconsideration of this Court's Opinion on the grounds that the Second Amended Complaint adequately alleged factual falsity, fraudulent inducement, and materiality. Kolchinsky also argues that this Court erred in finding that the Second Amended Complaint did not satisfy the pleading requirements of FRCP 9(b).

### a. FCA Claim

#### i. Factual Falsity

Kolchinksy's arguments regarding factual falsity largely re-assert those raised in his opposition to the motion to dismiss and otherwise fail to point to any fact or relevant law that the Court overlooked. As this Court held, the Second Amended Complaint did not "plead that Moody's failed to provide any credit ratings, or that the ratings it provided were entirely worthless. Rather, Kolchinsky's claim [was] one of <u>legal</u> falsity—that its ratings differed in quality and accuracy from the ratings it promised to Government agencies." <u>Moody's I</u>, 2017 WL 825478, at *4. "[C]ourts should not grant a motion for reconsideration when the moving party seeks solely to relitigate an issue already decided." <u>Shamis v. Ambassador Factors Corp.</u>, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

#### ii. Fraudulent Inducement

Kolchinsky argues that the Second Amended Complaint also stated a claim under the theory of fraudulent inducement. This argument is inadequately presented on the motion for reconsideration, as Kolchinsky did not raise such a theory in the Second Amended Complaint or in his briefing on the motion to dismiss. <u>See</u> <u>Koehler</u>, 2005 WL 1119371, at *1 (a motion for reconsideration "cannot assert new arguments or claims which were not before [the] court on the original motion"). The only prior mention of fraudulent inducement was a string citation in Kolchinsky's opposition to the motion to dismiss. (<u>See</u> MTD Opp., ECF No. 66, at 23–24.) These cites offered the proposition that fraudulent inducement could be a valid basis for an FCA claim, but Kolchinsky's papers were otherwise bereft of any mention of the theory. At oral argument Kolchinsky's counsel emphasized his theory of implied legal falsity, and only alluded opaquely to fraudulent inducement. (<u>See</u> Arg. Tr., ECF No. 69, at 6:17–7:1).

"A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Patterson v. United States, No. 04-CV-3170, 2006 WL 2067036, at *2 (S.D.N.Y. July, 26, 2006) (quoting De Los Santos v. Fingerson, No. 97-CV-3972, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)). Accordingly, Kolchinsky's arguments regarding fraudulent inducement do not provide a basis for reconsideration. Because this Court grants leave to file a third amended complaint, however, Kolchinsky may use that opportunity to present a more fulsome theory of fraudulent inducement.

iii. Implied Legal Falsity

The bulk of Kolchinsky's motion argues that, in finding Kolchinsky failed to plead materiality of Moody's alleged false statements, this Court overlooked the controlling precedent established by the Supreme Court in Universal Health Servs., Inc. v. United States, 136 S.Ct. 1989 (2016). Although Universal Health was decided after the Second Amended Complaint was filed, it cannot be considered a change in the controlling law or a matter that this Court overlooked in its prior Opinion. This Court held oral argument months after the Supreme Court issued Universal Health, and both parties had the opportunity to address the decision at that time.

This Court's opinion also addressed the holding in Universal Health which, for purposes relevant here, simply interpreted the FCA materiality requirement. See Moody's I, 2017 WL 825478, at *5–6. In Universal Health the Court held that, for the implied certification theory to be a basis for liability, two conditions must be satisfied: "first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory,

regulatory, or contractual requirements makes those representations misleading half-truths." Universal Health, 136 S.Ct at 2001. The Court also held that it is strong evidence a requirement is not material "if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated . . . [o]r, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position." Universal Health, 136 S.Ct at 2003-04.

Here, Moody's represented that they provided accurate credit ratings to the government. However, in the midst of inquiries spawned by credible public reports of inaccuracies in those ratings, the government continued to pay for Moody's credit ratings. As this Court held, the circumstances thus indicate that the credibility of the ratings was immaterial, making dismissal appropriate. This holding is consistent with Universal Health and accordingly not a basis for reconsideration.

This Court's decision is also consistent with the only Second Circuit case interpreting Universal Health in the context of a False Claims Act allegation.[1] In Grabcheski v. Am. Int'l Grp., Inc., the Second Circuit held that plaintiff's failure to plead materiality was sufficient for the district court to dismiss the case for failure to state a claim. 2017 WL 1381264, at *1-3 (2d Cir. April 18, 2017). Grabcheski alleged that AIG misrepresented in its debt-reduction agreements with the Federal Reserve Bank of New York that, inter alia, its subsidiaries were duly licensed to conduct domestic insurance business. Citing Universal Health's ruling that courts must "look to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation," the Second Circuit affirmed the district court's dismissal because Grabcheski "failed to allege with particularity facts that demonstrate how [the alleged misrepresentation] was

---

[1] Although Grabcheski was a summary order and does not have any precedential effect, it is the only Second Circuit case yet to assess materiality under Universal Health in the context of a False Claims Act allegation.

5

likely to have any effect on the agreements." Grabcheski, 2017 WL 1381264, at *2. Similarly, Kolchinsky failed to plead materiality here because he did not allege that the misrepresentation made by Moody's was material. This finding is consistent with Universal Health because the "actual behavior of the recipient of the alleged misrepresentation,"—the government's continued payment for ratings after public reports of their inaccuracy—suggests that any inaccurate ratings were "minor or insubstantial" to the decision to pay for them. Universal Health, 136 S.Ct. at 2002–03.

Kolchinsky insists that this Court must reconsider its Opinion under a new, "holistic" assessment of materiality. The United States Attorney, making his first appearance in this action since declining to intervene, takes no position on the merits of Kolchinsky's motion but agrees that United Health demands a "holistic assessment" of materiality under the FCA. (See Statement of Interest of the United States, ECF No. 90, at 3.)

As an initial matter and as discussed above, this Court finds that its materiality analysis is wholly consistent with the Supreme Court's ruling. More importantly, however, Kolchinsky's argument misconstrues Universal Health, which did not itself articulate any rule requiring a "holistic approach" to materiality—rather, that language comes from the First Circuit's decision on remand. See United States ex rel. Escobar v. Universal Health Services, Inc., 842 F.3d 103, 109 (1st Cir. 2016) ("Universal Health II"). To the extent that this Court's holding is inconsistent with the First Circuit's interpretation of Universal Health, that decision is not binding precedent and accordingly not a basis for reconsideration here.

b. **FRCP 9(b)**

Even if Kolchinsky did adequately state an FCA claim under a theory of factual falsity, fraudulent inducement, or implied legal falsity, dismissal was nonetheless appropriate

because Kolchinksy did not meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Compliance with Rule 9(b) "depends upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading." United States ex rel. Bilotta v. Novartis Pharm. Corp., 50 F.Supp.3d 497, 508 (S.D.N.Y. 2014) (internal quotation marks omitted). A complaint meets the requirements of 9(b) if it alleges a "scheme to submit false claims paired with reliable indicia that lead to a strong inference that [such] claims were actually submitted." United States ex rel. Resnick v. Weill Cornell Med. Coll., No. 04 CV 3088, 2010 WL 476707, at *5 (S.D.N.Y. Jan. 21, 2010).

As this Court previously held, Kolchinsky failed to comply with the requirements of Rule 9(b). See Moody's I, 2017 WL 825478, at *6-7. Given the chance to re-plead his allegations, he merely attached to the Second Amended Complaint a government-created spreadsheet containing all contracts the government had with Moody's, but not alleging which ratings were false; why any rating was false; which agencies received those false ratings; and where the Moody's might look for answers to these questions. See Moody's I, 2017 WL 825478, at *7. Kolchinsky argues that the false ratings were in every report received by the Government and that every request for payment thus constituted a false claim. But that is a general allegation that does not meet the specificity requirements of Rule 9(b). Generalized allegations that "any claim" during a broad period was false, do not satisfy 9(b). New York ex rel. Khurana v. Spherion Corp., 15-CV-6605, 2017 WL 1437204, at *9 (S.D.N.Y. Apr. 21, 2017) (general

7

assertions that fail to set forth the "who, what, when, where and how of the alleged fraud" are insufficient to satisfy Rule 9(b)) (quotations omitted).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (citations and internal quotation marks omitted). Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998). Kolchinsky has not demonstrated that this Court wrongly applied the law regarding Rule 9(b) or overlooked any controlling precedent regarding its application. Kolchinsky's disagreement with this Court's holding is not grounds for reconsideration.

II.     Leave to Amend and Dismissal with Prejudice

A district court may decline to grant leave to amend "if the request is "inconspicuous and never brought to the court's attention" and "gives no clue as to how the complaints defects would be cured." Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC, 797 F.3d 160, 190–91 (2d Cir 2015). Raising the request for leave to amend in a footnote, as Kolchinsky did here, is certainly inconspicuous. However, Kolchinsky accurately observes that he "did not have the benefit of [United Health's] recent guidance on materiality" when drafting his Second Amended Complaint or opposing Moody's motion to dismiss, and accordingly this Court grants him leave to re-plead one final time. United States ex rel. Lee v. N. Adult Daily Health Care Ctr., 205 F. Supp. 3d 276, 296 (E.D.N.Y. 2016). This Court notes, however, that the pleading deficiencies discussed above must be addressed in any third amended complaint.

## CONCLUSION

For the foregoing reasons, Kolchinsky's motion for reconsideration pursuant to Federal Rules of Civil Procedure Rule 59(e) is granted in part and denied in part. Kolchinsky may file any amended pleading no later than October 6, 2017. The Clerk of Court is directed to close the motion pending at ECF No. 84.

Dated: September 1, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.